ARVILLA TIMMONY, as Administratrix of the Estate of JOHN B. TIMMONY, Deceased, Respondent, v. SALT LAKE CITY, a Municipal Corporation, Appellant.

No. 1551.   (78 Pac. 799.)

Justices of the Peace: Compensation: Fees.

An act of the Legislature creating the office of city justice of the peace gives him exclusive original jurisdiction of cases arising under city ordinances and the same powers and jurisdiction as justices of the peace in all other actions. It further provides that he shall receive a salary fixed by ordinances for his services while exercising jurisdiction under the ordinances and by-laws of the city. An ordinance fixes the annual salary of the city justice at $1,000. Revised Statutes 1898, section 978, prescribes the schedule of fees which justices of the peace may collect. Section 1743 provides that within incorporated cities or towns a poll tax may be collected and expended under such regulations as may be prescribed by ordinance. An ordinance provides that, when the poll tax is delinquent, the supervisor of streets must proceed to collect the same

as an action of debt in any court having jurisdiction. *Held*, that a suit by a city to collect a poll tax is an action of debt over which justices of the peace have jurisdiction, and is not within the exclusive jurisdiction of city justices of the peace, as are cases of violation of ordinances, and for entertaining the same a city justice is entitled to receive the fees prescribed by Revised Statutes 1898, section 978, his compensation in such case not being covered by his salary.

(Decided December 8, 1904.)

Appeal from the Third District Court, Salt Lake County,—*Hon. T. D. Lewis*, Judge.

Action to recover fees in poll tax cases tried before deceased as City Justice. From a judgment in favor of plaintiff, the defendant appealed.

AFFIRMED.

*C. C. Dey, Esq.*, City Attorney, *W. H. Bramel, Esq.*, and *D. O. Willey, Jr., Esq.*, Assistant City Attorneys, for appellant.

The sole question to be presented is whether or not Mr. Timmony was paid in full by his salary for all services rendered to the city in and by virtue of his office in trying these poll tax cases. There is a marked distinction between an individual and an officer. An officer is an instrument created by the State as a means through which its sovereign powers may be exercised. The services rendered by an officer are not the services of the individual who occupies it, but the services of the State. The officer is compensated for his labor and time by the State or municipality employing him. The compensation may be a regular salary, or it may be a share of greater or less extent in the fees and emoluments of the office, or it may be both. The relations between an officer and a person transacting business with the office are fixed by law and not by contract; such relations are

legal and not contractual, These familiar propositions have a direct bearing upon all aspects of this case, and especially upon the "work and labor" theory upon which the complaint is framed and upon which the judgment of the court below seems to be founded.

Prior to 1892 the city justice of the peace business could be given to any justice in the city. "The judicial power of the city shall be vested in the justices of the peace of said city. Said justices shall have exclusive original jurisdiction of cases arising under or by reason of the violation of any ordinance, etc." 1 Comp. Laws Utah, 1888, sec. 1790; 1 Comp. Laws of Utah, sec. 1817.

But in 1892 a new law providing for the election of a city justice of the peace who shall "have exclusive original jurisdiction of cases arising under or by virtue of the violation of any city ordinance, and shall have the same powers and jurisdiction as justices of the peace in all other actions civil and criminal," was passed by the Legislature. This law provided further that the salary of such justice could be fixed by the council and that such salary should be in lieu of all fees while exercising jurisdiction under the ordinances of the city. Laws 1892, p. 24, R. S. Utah, sections 213, 225, 239.

"The city justice shall receive such salary for his services while exercising jurisdiction under the ordinances and by-laws of the city, as may be prescribed by ordinance." R. S. 1898 sec. 242.

The Constitution of Utah, which was in force at all times covered by this transaction, provides, "All State, district, city, county and school officers, excepting notaries public, boards of arbitration, court commissioners, justices of the peace and constables, shall be paid fixed and definite salaries; provided, that city justices may be paid by salary when so determined by the mayor and council of such cities." Const., art. 21, sec. 1.

The laws of Utah in force at all time covered by the transaction at bar in substance and effect provided that all city officers should receive such compensation

as should be by ordinance provided, 1 Comp. Laws 1888, sec. 1772, R. S. 1898, sec. 225.   The city justice of the peace is an officer of the city.   Hulaniski v. Ogden, 20 Utah 233.   ·

On September 25, 1897, the city council passed an ordinance fixing the salary of the city justice at $1,000 per annum.   Timmony was elected in November, 1897, and re-elected in November, 1899.   R. S. Utah, 1887.

Under the law creating his office he had "exclusive original jurisdiction of all cases arising under or by reason of the violation of any city ordinance."   R. S. 1898, secs. 239-244.

A suit by a city to collect a poll tax is an action arising under or by reason of the violation of an ordinance. It arises under the ordinance, because without the ordinance the action could not be brought by the city.   The State law does not give the city right to sue for the tax except in the manner provided by ordinance.   It arises by reason of a breach of the ordinance because the delinquent has failed to perform a duty imposed by ordinance.

The poll tax is levied by State law.   The power to collect, and the right to use such tax are given to cities in case they elect to avail themselves thereof. The words of the law are: "Within incorporated cities or towns, said poll tax may be collected and expended under such regulations as may be by ordinance prescribed."   If the city does not avail itself of this right by ordinance, the tax remains the property of the county.   R. S. 1898, secs. 1743-1751.

No court, except the city justice of the peace, has or had any jurisdiction to entertain an   action by the city to collect   these poll taxes.   The supervisor of streets shall collect the tax "the same as an action of debt in any court having ·jurisdiction."   The poll tax ordinance was passed in 1886.   At that time any justice of the peace in the city had jurisdiction.   Since 1892 justices of the peace, as such, have had no jurisdiction

in these actions. The actions which a justice of the peace may entertain are enumerated and poll tax suits or any classification including poll tax suits are not set forth. R. S. Utah, secs. 687-691, Laws 1899, p. 25.

It is well settled that an officer under salary must perform all the duties of his office, and all the duties within the scope of his office without extra compensation. Even if an officer does not work strickly within the lines of his duty he can recover no pay therefor. These principles are fundamental. Irwin v. Yuba County, 119 Cal. 686; Lees v. Colgan, 120 Cal. 262. Upton v. County, 52 Iowa 311; Briggs v. City, 110 Mass. 423.

A city attorney (salary $25.00 per month) performing extraordinary services in defending a suit for $400,-000.00 not entitled to extra pay. Buck v. Eureka, 109 Cal. 504. A tax collector doing work not properly belonging to his office not entitled to extra pay. Rowe v. Kern County, 72 Cal. 353. An architect working in one department of the government not entitled to pay for work done for another department. Mullett v. U. S., 150 U. S. 566. Gibson v. Peters, 150 U. S. 342. A poundmaster acting as policeman not entitled to extra pay. Decatur v. Vermillion, 77 Ill. 315. A constable serving tax notices not entitled to extra pay therefor. Murphy v. Town, (Mass.), 65 N. E., 34. A City Clerk performing the duties of clerk of "Board of Review" not entitled to extra pay. Anderson v. Milwaukee, 88 N. W. 905 (Wis). See 23 Ency. Law (New Ed.), pp. 390, 391 and notes.

*Messrs. Stephens & Smith* for respondent.

We have no fault to find with many of the legal propositions laid down in the brief of the appellant; but they have no application whatever to the case at bar. This is purely a matter of construction of the State statute relating to the jurisdiction of justices of the peace in general, and the city justice of the peace in particu-

lar; and also construction of the State statute providing for a poll tax,

If a poll tax case is one of which the city justice of the peace has exqulsive and original jurisdiction, then the judgment of the lower court should be reversed. If however, he was exercising the power and jurisdiction of a justice of the peace in an ordinary civil action, the judgment of the lower court should be affirmed.

The right of the city to collect poll tax arises by virtue of the State law, and not under or by virtue of a city ordinance. Section 1743, Revised Statutes 1898, exempts no one by reason of being a citizen of a city. Two days' work of eight hours each, or in lieu thereof, $3.00 in lawful money, is an annual road poll tax on every man over 21 and under 50 years of age, not physically incapacitated to work, and not exempt by law. By reason of this statute arises the right of the city to collect from its citizens and by virtue of this Statute every citizen, subject to poll tax and residing within an incorporated city, becomes a debtor to the city, either for two day's services or $3.00 in money, in lieu thereof. The city council may provide by ordinance the manner of collecting and expending the same, but this is purely a matter of procedure.

An action to collect a poll tax is such an action as any justice can entertain within his ordinary jurisdiction. It is a civil action to collect a debt, and in no way an action to recover a penalty prescribed by an ordinance; nor is it an action arising under the alleged violation of an ordinance, nor is it a criminal action. Any justice could entertain jurisdiction over an action of this character. The jurisdiction of the city justice is not confined to cases arising from violation of a city ordinance. He has the same power, civil and criminal, as other justices in all other cases. R. S. sec. 239.

"A general code or statutory revision is to be construed as intended to form one system of statute laws contemporaneous in time. The sections of such code dealing with the same subject-matter are to be con-

strued together as one statute." 26 Am. and Eng. Enc. of Law, (2 Ed.), pages 616-17.

This principle applies to the code adopted in Utah in 1898, construing this code as a whole. It never could have been contemplated by the commissioners making the revision, or the legislature adopting the same, that the city could commence no action for debt due it, except in the court of the city justice.

In the case of the United States v. Hogg, 111 Fed. Rep. 294, the court laid down certain fundamental principles in regard to the construction of a statute, as follows:

"1. The general and well recognized principle is that the literal import of a statute should not be followed to an absurdity. Sams v. Sams' Adm'r, 85 Ky. 396, 3 S. W. 593; Bird v. Board, 95 Ky. 195, 24 S. W. 118; Feemster v. Anderson, 6 T. B. Mon. 538; Lau Ow Bew. v. U. S., 144 U. S. 59, 12 Sup. Ct. 517, 36 L. Ed. 340; Holy Trinity Ch. v U. S., 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226.

"2. In whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect. Collins v. New Hampshire, 171 U. S. 34, Sup. Ct. 768, 43 L. Ed. 60, and cases cited.

"3. Cases within the reason, though not within the letter of a remedial statute, are embraced in it. Watts v. Pettit's Heirs, 1 Bush 157.

"4. Every statute ought to be expounded, not according to its letter, but according to its meaning. The intention of the Legislature is always the controlling principle, if it can be ascertained. Bailey v. Com., 11 Bush 689."

BASKIN, C. J.,—This action was brought by Arvilla Timmony, administratrix of the estate of John B. Timmony, deceased, to recover from Salt Lake City certain fees which said John B. Timmony, as city justice of the peace of said city, is alleged to have earned in trying a number of poll tax cases brought before him by

the city against various citizens between the dates of October 5, 1898, and November 11, 1900. The undisputed facts of the case are as follows: During all the times between October 5, 1898, and November 11, 1900, said John B. Timmony was the duly elected, qualified, and acting city justice of the peace of Salt Lake City, receiving from said city for his services in said office a salary of $1,000 per annum, which salary was fixed by an ordinance of said city passed September 25, 1897. During the period mentioned, the city, proceeding under the authority of an ordinance concerning poll taxes, brought upwards of 500 suits against various delinquents before said City Justice Timmony to collect said taxes. In a few suits the delinquents paid after suit was commenced, and Mr. Timmony received his fees out of such payments. In a great number of suits nothing was ever collected, and for those suits Mr. Timmony received nothing. The fees taxed in the suits where nothing was ever collected, reckoned according to the statutory schedules of justice fees, aggregate the sum of $973.75. For this sum, together with interest, the total aggregating $1,204, plaintiff recovered judgment against the city. From this judgment the appeal is taken.

By an act of the Legislature of the State it is provided that. "Two days' work of eight hours each, or in lieu thereof $3.00 in lawful money, is an annual road poll tax upon every man over 21 years, and under 50 years of age, not physically incapacitated to work, and not exempt by law. Within incorporated cities or towns said poll tax may be collected and expended under such regulations as may be by ordinance prescribed." Rev. St. 1898, sec. 1743. By an ordinance of the city it is provided that: "The supervisor of streets shall notify persons liable to the tax to perform the required work, and if such persons fail to perform such work or pay the tax within ten days after the time appointed in the notice, the tax is delinquent, and then payable in money, and the supervisor of streets, as such, must proceed to collect the same as an action of

debt in any court having jurisdiction.'' The act of the Legislature creating the office of city justice of the peace provides for the election of a city justice of the peace, who shall have exclusive original jurisdiction of cases arising under or by virtue of the violation of any city ordinance, and shall have the same powers and jurisdiction as justice of the peace in all other actions, civil and criminal. The city justice shall receive such salary for his services while exercising jurisdiction under the ordinances and by-laws of the city as may be prescribed by the ordinance. The annual salary of the city justice of the peace was fixed by city ordinance at $1,000. All of the foregoing provisions of the Revised Statutes and city ordinances were in force during the incumbency of the said John B. Timmony. Section 978, Rev. St. 1898, which was also in force during the said incumbency, provides that ''every justice of the peace may for his own use collect the following fees, and none other.'' Here follows the fee bill prescribed, and upon it the claim of the plaintiff is based. It is clear from the foregoing provisions of the statutes and city ordinances that the city justice of the peace is vested with exclusive jurisdiction ''in cases arising under or by virtue of the violation of any city ordinance, and in all other actions has the same power and jurisdiction as other justices of the peace,'' and that in cases arising under or by virtue of the violation of any city ordinance his compensation is covered by his salary ($1,000), and in all other cases his compensation is such only as section 978, Rev. St. 1898, prescribes.

It is contended on behalf of the appellant that ''a suit by a city to collect poll tax is an action arising under or by virtue of a city ordinance,'' and that, therefore, the compensation of the said John B. Timmony was covered by his salary. On behalf of the respondent it is claimed that the right to collect a poll tax is created by section 1743, Rev. St. 1898, that a suit for its recovery is an action in debt over which the justices of the peace have jurisdiction, but not within the exclusive

jurisdiction of the city justices of the peace. The latter contention is, in our opinion, correct. It follows that the incumbent was entitled to the fees prescribed by section 978, Rev. St. 1898.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.